UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

MARTIN OWENS,

        **Plaintiff,**

                              CASE NO.:

vs.

IMMACULATE FLIGHT, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARTIN OWENS ("Mr. Owens" or "Plaintiff") files suit against the Defendant, IMMACULATE FLIGHT, LLC a Foreign Limited Liability Company ("IF" or "Defendant"), and alleges as follows:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claim that it forms part of the same case or controversy.

Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Palm Beach County, Florida.

5. Plaintiff is protected by the ADA and FCRA because:

　　a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

　　b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

7. Plaintiff, on or about April 8, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

8. On December 12, 2019, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of same.

9. Plaintiff timely files this action within the applicable period of limitations

against Defendant.

10. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

11. Mr. Owens worked for Defendant's West Palm Beach location as a Sales Manager from June 25, 2017, until his termination on January 21, 2019.

12. In all respects, Mr. Owens was an excellent employee with no significant history of performance, attendance, or disciplinary issues.

13. Mr. Owens' performance evaluations prior to his termination demonstrate that he was an outstanding employee who was highly regarded by Defendant.

14. Unfortunately, on April 7, 2018, Mr. Owens suffered a back injury in the workplace while lifting a company generator.

15. Over the following days, Mr. Owens experienced intense pain in his lower back, prompting him to seek medical attention.

16. After prescribing various medications to no avail, Mr. Owens' physician referred him to an Orthopedic Surgeon, who performed an MRI scan on his back.

17. The MRI revealed that Mr. Owen suffered from "Epidural Lipomatosis" in his spine, which is considered a "protected disability" under the ADA/FCRA.

18. Mr. Owens back injury was so severe, that it limited his ability to perform the foregoing major life activities of walking, bending, stooping, and lifting without accommodation.

19. On April 24, 2018, Mr. Owens reported his injury to IFL's Human Resources ("HR") department and described, in writing, the events surrounding his accident and injuries.

20. Over the next six (6) months, Mr. Owens worked for Defendant while in severe pain, all the while fulfilling his job duties admirably while regularly visiting a physician

3

and undergoing multiple treatment plans and procedures to heal his injury and treat his disability.

21. On November 2018, Mr. Owens e-mailed Vice President of Sales, John Craft ("Mr. Craft"), and HR Director, Tony Perkins ("Mr. Perkins"), and informed them of the status of his ongoing disability and continuing treatment regarding same.

22. Mr. Perkins and Mr. Craft failed to respond to Plaintiff, leaving him alarmed and anxious that his position in the company was in jeopardy due to his ongoing disability.

23. Mr. Owens' fears were confirmed when, in the following week, Defendant's Owner, Brett Logan ("Mr. Logan"), and Mr. Craft displayed a curt and cold attitude towards Mr. Owens while the three (3) were gathered at a sales meeting in Michigan.

24. During the meeting, Mr. Owens could hardly walk due to his disability, and even asked for assistance in that regard getting in and out of a car.

25. Mr. Logan's and Mr. Craft's treatment of Plaintiff was so brusque and callous, to the point where he felt as if he was an outcast based on the physical limitations he was enduring.

26. Shortly after this meeting, Mr. Craft terminated Plaintiff telling him that his services were no longer needed by Defendant.

27. Shocked, Mr. Owens inquired as to the reason for his termination, but Mr. Craft would not provide any, merely stating that the region was being "reorganized."

28. Mr. Craft's inability to provide a legitimate cause for termination renders his explanation a mere pretext to Mr. Owens' firing.

29. Plaintiff was replaced, shortly thereafter, by a health bodied and non-disabled employee.

30. At all times material hereto, Plaintiff had a recorded physical impairment,

and Plaintiff could perform the essential functions of his job with or without an accommodation by Defendant.

31. Plaintiff was a "qualified individual with a disability" within the meaning of the ADA/FCRA.

32. Plaintiff is an individual who, with minimal accommodation, i.e. occasional time off to seek medical treatment for his disability, was fully capable of performing the essential functions of his job.

33. Despite the availability of a reasonable accommodation under the ADA and FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing his assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

34. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

35. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

36. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

37. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

38. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was

treated by Defendant as having a disability as recognized by the ADA/FCRA.

39. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

## COUNT I:
## DISABILITY DISCRIMINATION UNDER THE ADA

40. Plaintiff realleges and adopts the allegations contained in paragraphs 1-39 as if fully set forth in this Count.

41. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

42. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

43. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

46. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

47. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

48. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

49. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

50. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

51. Provide any additional relief that this Court deems just and appropriate.

## COUNT II:
## DISABILITY DISCRIMINATION UNDER THE FCRA

52. Plaintiff realleges and adopts the allegations contained in paragraphs 1-39, as if fully set forth in this Count.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

54. The discrimination to which Plaintiff was subjected was based on his disability or "perceived disability."

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. The conduct of Defendant was so willful and wanton, and in such reckless

7

disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

59. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

60. Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

61. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

62. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

63. Provide any additional relief that this Court deems just and appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 17th day of January 2020.

                                         Respectfully submitted,

                                         ***/s Noah E. Storch***
                                         Noah E. Storch, Esq.
                                         Florida Bar No. 0085476
                                         Email: noah@floridaovertimelawyer.com
                                         RICHARD CELLER LEGAL, P.A.
                                         10368 W. SR 84, Suite 103
                                         Davie, Florida 33324
                                         Telephone: (866) 344-9243
                                         Facsimile: (954) 337-2771

                                         *Attorneys for Plaintiff*